**Satnam Kaur SAINI; Rupinder Kaur;
Bhupinder Kaur; Maninderjet
Kaur, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

No. 03–72009.

Agency Nos. A75–309–010, A75–309–016, A75–309–017, A75–309–018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided May 27, 2005.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioners.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Song Park, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Satnam Kaur Saini and her daughters Rupinder Kaur, Bhupinder Kaur, and Maninderjet Kaur ("the Sainis"), natives and citizens of India, petition for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") decision on credibility grounds that the Sainis were not eligible for relief under the Convention against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the IJ's credibility finding. In his own asylum hearing, Didar Singh, the husband and father, gave testimony that contradicted that of the Sainis in nearly every material respect. We are not able to say "that no reasonable factfinder could find that [they were] not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (internal quotations omitted).

The Sainis contend that the IJ violated their due process rights by considering the testimony of Didar Singh, as described in the IJ's decision in his asylum case, at all. We disagree on two independent grounds.

First, the Sainis themselves submitted the decision into evidence. *See* 8 U.S.C. § 1229a(b)(4)(B) (requiring that aliens be allowed "a reasonable opportunity . . . to cross-examine witnesses *presented by the Government*" (emphasis added)). Second, the Sainis alone, not the government, had any knowledge of Didar Singh's whereabouts or any ability to request his attendance at their asylum hearing. *See Saidane v. I.N.S.*, 129 F.3d 1063, 1065 (9th Cir.1997) (hearsay evidence allowable in an immigration case if "admission was fundamentally fair" (internal quotations omitted)).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

